IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ZEB KING**,
individually and on behalf
of all others similarly situated,

        Plaintiff,

    vs.                                      Case No. 18-cv-345

**TREK TRAVEL, LLC**
613 Williamson St., Suite 207
Madison, WI 53703-3515

        Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

This is a collective and class action brought by Individual and Representative Plaintiff Zeb King ("King" or "Named Plaintiff"), on his own behalf and on behalf of the members of the proposed classes identified below. King and the members of the putative classes were employed by Trek Travel, LLC ("Trek Travel") as tour guides. King and the members of the putative classes were classified by Trek Travel as "independent contractors." As a result, they were customarily and regularly denied overtime wages and other employment benefits. King and the putative class members are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

1.    This Court has original jurisdiction to hear this Complaint and to

adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, et. seq.

2. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as the claims of Named Plaintiff and the putative class are so related to the FLSA claims that they form part of the same case or controversy.

3. Venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because Defendant, Trek Travel, maintains its principal place of business in this district, and because the parties have agreed that Wisconsin court is the proper venue for such disputes.

## PARTIES

4. Named Plaintiff, Zeb King, is an adult resident of North Carolina. King was employed as a tour guide by Trek Travel within the past three years. King has consented in writing to assert claims for unpaid overtime wages under the FLSA. His consent form is filed as Exhibit A.

5. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

6. Defendant, Trek Travel, LLC, is a domestic limited liability company with its principal office located at 613 Williamson Street, Suite 207, Madison, Wisconsin 53703-3515. Its registered agent for service is Tania Burke.

7. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

9. Trek Travel offers bike tours in locations in the United States, Europe, and Latin America. These trips are led by tour guides.

10. Throughout the three years preceding the filing of this Complaint, Named Plaintiff and the putative class members are or were employed by Defendant as tour guides, though they were improperly classified as independent contractors.

11. Named Plaintiff and the putative class members annually executed a contract with Defendant for a single year term of engagement. This contract required all tour guides to comply with the standards and obligations set forth by Defendant. Defendant could immediately terminate the contract if tour guides failed to comply with the obligations set forth in the agreement.

12. Per the express terms of the agreement, any disputes arising under the agreement are subject to the laws of the State of Wisconsin and are to be venued in a Wisconsin court.

13. The job duties for Named Plaintiff and the putative class members included leading bike tours, preparing gear for bike tours, repairing tour equipment, researching trips, transporting bikes and other tour supplies to the tour site, and post-trip reporting.

14. Defendant scheduled Named Plaintiff and the putative class members for tours on a "guide schedule." Defendant had control over tour assignments for tour guides.

15. Named Plaintiff and the putative class members were required to wear

Trek Travel-branded jerseys while performing bike support services for guests.

16. All bikes and supplies, including repair materials for bikes used while on tour, were provided and controlled by Defendant. Named Plaintiff and the putative class members were not permitted to use non-Trek bikes or supplies while on tour.

17. Named Plaintiff and the putative class members were restricted from providing professional guiding services to any other company during the duration of their contracts with Defendant.

18. Named Plaintiff and the putative class members attended an annual training by Defendant.

19. Named Plaintiff and the putative class members were subject to Year End Evaluations and Reviews with Defendant's Guide Manager, at which they would set goals for the following season.

20. Named Plaintiff and the putative class members were provided with a "Trip Itinerary" by Defendant in advance of each trip. The "Trip Itinerary" was set by a "Trip Design Coordinator" employed by Defendant.

21. Named Plaintiff and the putative class members were required to perform certain tasks on the "prep day" before a trip, including filling out Defendant's Trip Budget Cost Sheet, confirming all reservations with hotels and restaurants, washing the unit vehicle, and cleaning and preparing bikes.

22. Named Plaintiff and the putative class members were required to submit a Trip Budget Cost Sheet, Trip End report, and Co-Guide reviews within 48 hours of the end of a trip.

23. Named Plaintiff and the putative class members were paid a daily rate for each day worked while on a bike tour. They were paid a "day rate" for other duties performed, such as transporting bikes and supplies to the tour site, trip research, or days spent traveling to a region for a tour.

24. Named Plaintiff and the putative class members were paid via direct deposit on a bi-weekly basis, according to Defendant's pay schedule. They were required to submit all invoices for payment via Defendant's online reporting software, and all hours had to be approved by the Guide Manager.

25. In the course of performing their job duties for Defendant, Named Plaintiff and the putative class members worked more than 40 hours in a workweek.

26. At no time during the applicable time period were Named Plaintiff or the putative class members paid overtime wages for work performed in excess of 40 hours in a workweek.

27. Named Plaintiff brings this action on behalf of himself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have contracted with Trek Travel, LLC to work as tour guides and performed work within the United States at any time during the past three years that exceeded 40 hours during any workweek.

28. The Named Plaintiff brings this action on behalf of himself and on behalf of the **Wisconsin Class**, pursuant to Fed. R. Civ. P. 23. The **Wisconsin Class** is defined as:

> All persons who have contracted with Trek Travel, LLC to

5

work as tour guides and performed work within the United States at any time during the past two years that exceeded 40 hours during any workweek.

## CLASS ALLEGATIONS

29. Named Plaintiff brings the Second Claim for Relief on his own behalf and on behalf of the Wisconsin Class, as defined in paragraph 28, supra, pursuant to Fed. R. Civ. P. 23(a) and 23(b).

30. The persons in the Wisconsin Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy the definition of this Class.

31. There are questions of law and fact common to all members of the Wisconsin Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    a. Whether Trek Travel exercised a sufficient level of control over tour guides such that they are "employees" within the meaning of Wisconsin law;

    b. Whether Wisconsin law applies to Named Plaintiff and the Wisconsin Class members;

    c. Whether Trek Travel unlawfully failed to pay overtime compensation in violation of Wis. Stat. § 103.03 and Wis. Admin. Code § DWD 274.03; and

    d. The proper measure of damages sustained by the Wisconsin Class.

32. King's claims are typical of those of the Wisconsin Class. King was

6

classified as an "independent contractor" by Defendant and was subject to Defendant's policy of not paying tour guides overtime wages for hours worked in excess of 40 in a workweek.

33. King will fairly and adequately protect the interests of the Wisconsin Class and has retained counsel experienced in complex wage and hour litigation.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, especially in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and corporate defendant.

35. Class certification for the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Class predominate over any questions affecting only individual members of the Wisconsin Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Class the wages for work performed to which they are entitled. The damages suffered by the individual members of the Wisconsin Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

36. Named Plaintiff intends to send notice to all members of the Wisconsin Class to the extent required by Fed. R. Civ. P. 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Named Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

38. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

39. During the applicable statute of limitations, Named Plaintiff and the members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation.

40. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Named Plaintiff and the members of the Collective Class have suffered a wage loss.

41. Defendant knew or showed reckless disregard for the fact that it failed to pay Named Plaintiff and the members of the Collective Class overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

42. Named Plaintiff, individually and on behalf of the Wisconsin Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

43. The foregoing conduct, as alleged, violates Wis. Stats. §§ 103.03 and 109.03 and Wis. Admin. Code § DWD 274.03.

44. At all relevant times, Defendant has been, and continues to be, an

"employer" within the meaning of Wis. Stats. §§ 103.001(6) and 109.01(2).

45. At all relevant times, Named Plaintiff and the members of the putative Wisconsin Class were Defendant's employees within the meaning of Wis. Stats. §§ 103.001(5) and 109.01(1r).

46. Wis. Stat. § 109.03(1) requires an employer to pay employees earned wages for hours worked, as defined by Wis. Admin. Code § DWD 272.12.

47. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

48. Named Plaintiff and the members of the putative Wisconsin Class are not exempt from overtime pay requirements under Wisconsin law.

49. At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime wages to Named Plaintiff and the putative Wisconsin Class for hours worked in excess of 40 per workweek.

50. As a result of Defendant's willful failure to pay overtime wages earned and due to Named Plaintiff and the members of the putative Wisconsin Unpaid Wage Class, Defendant has violated Wis. Stats. §§ 109.03 and 103.02 and Wis. Admin. Code § DWD 274.03.

51. Named Plaintiff, on behalf of himself and the members of the Wisconsin Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

52. Named Plaintiff, on behalf of himself and the members of the putative Wisconsin Class, seeks damages in the amount of the unpaid overtime wages earned

and due as provided by Wis. Stat. § 109.03, Wis. Stat. § 103.02, and Wis. Admin. Code § DWD 274.03, and any penalties due under Wis. Stat. § 109.11 as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Named Plaintiff, Zeb King, on behalf of himself and all members of the Collective Class and the Wisconsin Class, requests the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and directing issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Class;

C. An order designating King as the Named Plaintiff and as a representative of the Wisconsin Class;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Trek Travel violated the FLSA and Wisconsin wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against Trek Travel in the amount equal to Named Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

    H.    Judgment against Trek Travel in the amount equal to Plaintiff's and the Wisconsin Class's unpaid back wages at the applicable overtime rates;

    I.    An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

    J.    An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

    K.    Leave to amend the Complaint to add additional claims; and

    L.    Such further relief as the Court deems just and equitable.

Respectfully submitted this 10th day of May, 2018.

Attorneys for the Plaintiff

By:   */s/David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236