IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ZEB KING,
Individually and on behalf of
all those similarly situated,

                              Plaintiff,                      OPINION AND ORDER

v.

                                                                    18-cv-345-wmc

TREK TRAVEL, LLC,

                              Defendant.

Named plaintiff and class representative Zeb King brought this collective and class action lawsuit against Trek Travel, LLC ("Trek Travel"), seeking to recover unpaid overtime wages. The parties have now reached a settlement, and before the court is plaintiff's unopposed motion for final approval of the class action settlement. (Dkt. #49.) Plaintiff has also filed an unopposed motion for class counsel's costs and attorneys' fees. (Dkt. #45.) The court held a fairness hearing on December 12, 2019. For the reasons below, the court will grant both motions.

BACKGROUND

In this lawsuit, plaintiff Zeb King alleged that his former employer, Trek Travel, failed to pay him and similarly-situated employees overtime wages in violation of state law and the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203. On March 29, 2019, the parties submitted a stipulation for class certification and plaintiff submitted an unopposed motion for preliminary approval of settlement agreement, which the court approved. (Joint Stipulation for Class Certification (dkt. #40); Pl.'s Unopposed Mot. for

Prelim. Approval of Settlement Agreement (dkt. #41); Order (dkt. #44).) The class in this case is defined as "[a]ll U.S. citizens who live in the U.S. and contracted with Trek Travel to work as Tour Guides and performed work as Tour Guides for Trek Travel at any time between May 10, 2016 and September 20, 2018 that exceeded 40 hours during any workweek." (Order (dkt. #44) 3.) The class consists of sixty-one individuals. (Zoeller Decl. (dkt. #47) ¶ 10.)

A. *Overview* of Settlement Agreement

The settlement creates a common fund of $425,000 to be used to pay participating class members claims, costs, attorneys' fees, and an enhancement payment to the named plaintiff. (Settlement Agreement (dkt. #43-1) 3-4.) Class members will receive a pro-rated amount based on the value of their individual claims and agree to release any claims, damages, or causes of action related to the present dispute. (*Id.* at 3.) Allocations for each class member were calculated based on the number of individual overtime hours worked, with adjustments made based on whether those weeks were worked in the United States or abroad, and whether they fell within the two-year statute of limitations (or within the third year for the FLSA opt-ins). (Pl.'s Br. Final Approval (dkt. #50) 3-5; Pl.'s Br. Mot. for Prelim. Approval (dkt. # 42) 10-13.) The average claim value for class members is $4,668.03. (Pl.'s Br. Attorneys' Fees & Costs (dkt. #46) 18.) Additionally, the settlement proposes an incentive award of $1,500 to be paid to class representative Zeb King and an award of $140,250 -- representing one third of the settlement fund -- to be paid to class counsel as attorneys' fees inclusive of costs. (Settlement Agreement (dkt. #43-1) 4.)

### B. Notice Process

After the court granted preliminary approval and leave to send notice to class members on September 16, 2019, class counsel sent a notice to the class members via electronic and U.S. mail on September 30, 2019. (Zoeller Decl. (dkt. #47) ¶ 12.) Class counsel represented that they responded to inquiries from class members about the settlement. (*Id.*)

### C. Objections and Exclusions

In accordance with the court order, the notice period ran for forty-five days after the mailing of the notice. (*See* Zoeller Decl. (dkt. #47) ¶¶ 12-13.) At the close of the notice period, no class members had objected to the settlement and only one class member requested exclusion, representing less than 2% of the proposed class. (*Id.* ¶ 13.)

## OPINION

Federal Rule of Civil Procedure 23 provides that a court may approve a proposed class action settlement only if it determined that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Based on the December 12, 2019, fairness hearing at which only the parties' counsel appeared, as well as on their representations, the parties' written submissions, the lack of any objections, and the entire record in this case, the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Rule 23(e) and that the settlement represents a fair and reasonable resolution.

I. **Incentive Award**

The settlement agreement provides that named plaintiff Zeb King will receive an additional incentive fee of $1,500. (Settlement Agreement (dkt. #43-1) 4.) "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). In deciding whether an incentive award is appropriate and what the amount should be, the Seventh Circuit advised that courts may consider "the actions the plaintiff has taken to protect the interest of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Here, class counsel acknowledges that King provided key support and information in litigating this case. (Zoeller Decl. (dkt. #43) ¶ 8). The parties' proposed agreement states that this award is reasonable in recognition of King's "efforts in bringing this claim and the assistance he provided counsel in bringing this matter to resolution." (Settlement Agreement (dkt. #43-1) 4.) In the court's order approving the parties' preliminary settlement agreement, the court noted that the award of $1,500 "appears reasonable." (Order (dkt. #44) 11). In similar cases, this court has previously awarded incentive fees equal to and greater than the amount requested here depending upon the extent of the time and other demands on the class representative, as well as other factors. *See, e.g., Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, No. 11-CV-592-WMC, 2013 WL 5745102, at *1 (W.D. Wis. Oct. 23, 2013) (granting named plaintiffs $5,000 each as an enhancement payment in FLSA and Minnesota wage and hour law case); *Berndt v. Cleary*

4

*Bldg. Corp.*, No. 11-CV-791-WMC, 2013 WL 6331344, at *1 (W.D. Wis. Dec. 5, 2013) (awarding enhancement payments of $1,000-$5,000 to named plaintiffs in FLSA and Wisconsin wage and hour law case); *Rogers-Coxhead v. Glass Nickel Pizza Co.*, No. 16-CV-706-WMC, 2017 WL 6375969, at *2 (W.D. Wis. Nov. 13, 2017) (reducing requested enhancement payment of $10,000 to $7,500, which the court considered "more consistent with similar FLSA/Rule 23 hybrid claims that has settled relatively early"). Accordingly, the court finds that plaintiff's requested $1,500 fee is reasonable and will grant the award.

## II. Attorneys' Fee Award and Costs

Further, class counsel has requested an award of attorneys' fees and costs in the total amount of $140,250. Named plaintiff King had initially agreed to a one-third contingency fee plus actual costs with class counsel (Zoeller Decl. (dkt. #47) ¶ 6), although that fact does not control the ultimate attorney fee award in this class action, especially without early approval by the court. *See Rogers-Coxhead*, 2017 WL 6375969, at *2 (citing *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013)).

Still, "attorneys' fees in class actions should approximate the market rate that prevails between willing buyers and willing sellers of legal services." *Silverman*, 739 F.3d at 957. The Seventh Circuit has recognized that "most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis" and that the "typical contingent fee is between 33 and 40 percent." *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998); *see also Rogers-Coxhead*, 2017 WL 6375969, at *2 ("Market rates [for contingent attorneys' fees] are within the 30% to 40% range."). Here, plaintiff's request represents one-third of the settlement fund, including costs. This court has previously approved awards of

5

attorneys' fees amounting to one-third of the settlement fund in similar cases. *See, e.g.*, *Fosbinder-Bittorf*, 2013 WL 5745102, at *1 (granting 33.33% fee award in FLSA and Minnesota wage and hour law case); *Berndt*, 2013 WL 6331344, at *1 (awarding attorney fee request representing 30% of settlement fund in FLSA and Wisconsin wage and hour law case); *Rogers-Coxhead*, 2017 WL 6375969, at *2 (granting attorney fee request that amounted to "slightly less than 30% of the total recovery" in FLSA and Wisconsin wage and hour law case).

Class counsel has also submitted materials showing the time and effort it devoted to this lawsuit, noting that it: conducted legal research prior to filing the lawsuit; investigated the case by conferring with class members and reviewing relevant documents; served discovery requests; received and reviewed over 4,000 pages of materials produced by defendant; constructed a damages model for class members, which involved interviewing opt-ins and reviewing other relevant documents; mediated with opposing counsel to reach this agreement; and managed the class notification process. (Zoeller Decl. (dkt. #47) ¶¶ 7-12.) All told, class counsel devoted some 297.20 hours of work to this case amounting to $98,822.50 had counsel billed hourly. (*Id.* ¶ 14.) Class counsel additionally expended $3,817.07 in costs and anticipates further costs in administering the settlement. (*Id.* ¶ 15.) Although the requested amount of $140,250 exceeds the total hourly billing estimate plus costs, an award reflecting one-third of the claimed settlement amount is reasonable in light of class counsel's efforts in evaluating the claims' merits, initiating suit, engaging in discovery, and preparing for and participating in mediation of this lawsuit sufficient to bring this case to an early resolution. It also reflects the factual and legal uncertainties that

counsel agreed to absorb in taking on plaintiff's claims on a contingency basis, as well as market rates and fee awards for similar hybrid FLSA and Rule 23 class actions in this district. Finally, the court finds the resolution of the entire case is in the best interest of the class members, including the fee award, noting that no class member objected to the fee request.

ORDER

IT IS ORDERED that:

1) plaintiffs' unopposed motion for final approval of the settlement agreement (dkt. #49) is GRANTED and the parties are directed to carry out its terms and provisions;

2) the enhancement payment to Zeb King in the amount of $1,500 is APPROVED;

3) class counsel's unopposed motion for costs and attorneys' fees (dkt. #45) is GRANTED in the requested amount of $140,250;

4) settlement payments as defined in the Section 5 of the Settlement Agreement (dkt.# 43-1) and in the court's preliminary approval order are APPROVED; and

5) this action is dismissed on the merits with prejudice, the court expressly retains jurisdiction to enforce the terms of settlement, including proper distribution of the proceeds of settlement funds to class members, and the clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 12th day of December, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge